# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| AMBER PALMER, et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION 08-0344-WS-M |
| | ) |
| THE CITY OF EAST BREWTON, et al., | ) |
| | ) |
|     Defendants. | ) |

## ORDER

This matter is before the Court on the defendants' motion to strike and/or motion to dismiss. (Doc. 72). The parties have filed briefs in support of their respective positions, (Docs. 73, 77, 78), and the motion is ripe for resolution.[1] After carefully considering the foregoing and other relevant material in the file, the Court concludes that the motion is due to be granted in part and denied in part.

## BACKGROUND

The plaintiffs are residents of the City of East Brewton ("the City"). Defendant B.C. Cooper is the City's police chief, and defendant Jason Crawford is a City police officer.

According to the amended complaint, Crawford has a history of stopping and harassing plaintiff Michael Palmer ("Michael"). This history includes a March 6, 2006 incident during which Crawford slammed a door on Michael's face, twice slammed the patrol car door on Michael's body, and cranked up the heat although it was a very warm day. On or about June 14, 2006, Crawford stopped the plaintiffs' car and arrested

---

[1] The defendants have submitted evidentiary materials in support of their motion. (Doc. 73, Exhibits 1-2). Because the Court does not consider these materials, the motion is not converted into one for summary judgment. Fed. R. Civ. P. 12(d).

Michael on an outstanding warrant. When Crawford began to search the vehicle without consent or a warrant, plaintiff Amber Palmer ("Amber") called her parents, at which point Crawford cursed and screamed at her, placed her under arrest on unspecified charges, used excessive and sexually invasive force against the visibly pregnant Amber in effecting the arrest, and ignored her pleas for medical attention. On or about August 4, 2006, Crawford used excessive force in effecting an arrest of Michael, entered the plaintiffs' home without consent or a warrant, and had his two children taken away.

The amended complaint asserts the following claims:

- Count One             Section 1983 - Excessive force - Michael
- Count Two             Section 1983 - Excessive force - Amber
- Count Three           Section 1983 - Racial harassment - both
- Count Four            Section 1983 - Deliberate indifference - Amber
- Count Five            Assault and battery - Michael
- Count Six             Assault and battery - Amber
- Count Seven           Intentional infliction of emotional distress - both
- Count Eight           Negligent supervision - both

**DISCUSSION**

A complaint must as a threshold matter provide "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8(a)(2). *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Though they need not be detailed, "[f]actual allegations must be enough to raise a right to relief above the speculative level ...." *Id*. Thus, neither "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffices to satisfy Rule 8(a)(2). *Id*. "Stated differently, the factual allegations in a complaint must 'posses enough heft' plausibly to suggest that the pleader is entitled to relief. ... Facts that are 'merely consistent with' the plaintiff's legal theory will not suffice when, 'without some further factual enhancement [they] stop short

of the line between possibility and plausibility of "entitlement to relief."'" *Weissman v. National Association of Securities Dealers, Inc*., 500 F.3d 1293, 1310 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 557). Because the defendants do not invoke *Twombly*, they may not obtain dismissal on this basis. Nor, from the Court's review of the amended complaint, does it appear likely that any such attack would succeed.

If, but only if, "a claim has been stated adequately [under Rule 8(a)(2)], it may be supported by showing any set of facts consistent with the complaint." *Twombly*, 550 U.S. at 563 (explaining *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). That is, "[a] motion to dismiss [for failure to state a claim] may be granted only when a defendant demonstrates beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Kirwin v. Price Communications Corp*., 391 F.3d 1323, 1325 (11th Cir. 2004) (internal quotes omitted). In making this assessment, "all facts set forth in the plaintiff's complaint are to be accepted as true and the court limits its consideration to the pleadings and exhibits attached thereto." *Grossman v. Nationsbank, N.A.*, 225 F.3d 1228, 1231 (11th Cir. 2000) (internal quotes omitted).

"There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment." *Resolution Trust Corp. v. Dunmar Corp*., 43 F.3d 587, 599 (11th Cir. 1995). The Court's review on this motion to dismiss is similarly limited to those arguments the parties have expressly advanced. Moreover, "a passing reference to an issue in a brief [is] insufficient to properly raise that issue," *Transamerica Leasing, Inc. v. Institute of London Underwriters*, 430 F.3d 1326, 1331 n.4 (11th Cir. 2005), and the Court will not supply legal or analytical support the parties have declined to offer themselves.

**I. Motion to Dismiss.**

    **A. Count One.**

Count One alleges that Crawford used excessive force against Michael in both

March 2006 and August 2006. (Doc. 70, ¶ 52). The defendants argue that suit on the March 2006 incident is barred by the statute of limitations.

"[T]he two-year limitations period of Ala. Code § 6-2-38(*l*) applies to section 1983 claims in Alabama." *Baker v. Birmingham Board of Education*, 531 F.3d 1336, 1337 (11th Cir. 2008) (internal quotes omitted); *accord Alexander v. Fulton County*, 207 F.3d 1303, 1346 (11th Cir. 2000).[2] For purposes of Section 1983, the limitations period begins to run when the cause of action accrues. *Smith v. McClammy*, 740 F.2d 925, 927 (11th Cir. 1984). A cause of action accrues "when facts supportive of a ... civil rights action are or should be apparent to a reasonably prudent person similarly situated." *Id*. (internal quotes omitted); *accord McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008).

On March 6, 2006, Michael patently was in possession of facts supportive of a civil rights action for use of excessive force. The statute of limitations as to that portion of Count One thus began to run on that date and expired two years later. Because the original complaint was not filed until June 16, 2008, (Doc. 1), Count One is barred by the statute of limitations to the extent it claims use of excessive force in March 2006.

The original complaint did not purport to state a claim based on the March 2006 incident; the allegation was added by the November 2009 amended complaint. The plaintiffs suggest that the March 2006 incident is rescued by Rule 15(c), which provides for the relation back of certain amendments to a complaint. (Doc. 77 at 2-7). The most that rule can accomplish, however, is to relate the amendment "back to the date of the original pleading." Fed. R. Civ. P. 15(c). Rule 15(c), if properly invoked, would allow the Court to consider the amendment as having been filed on June 16, 2008, but not earlier. As of that date, the limitations period as to the March 2006 incident had already expired, and Rule 15(c) cannot revive a claim that was time-barred before the original

---

[2] A four-year limitations period applies if the Section 1983 action arises under an Act of Congress enacted after December 1, 1990. *Baker*, 531 F.3d at 1337. The plaintiff's Section 1983 claims, however, are based on constitutional provisions and are therefore subject to the two-year limitations period.

complaint was filed.[3]

In an unamplified footnote, the plaintiffs suggest that their allegations as to the March 2006 incident are timely under a "continuing violation" theory. (Doc. 77 at 7 n.2). Such a doctrine has been applied to Section 1983 cases in the employment context,[4] and the Eleventh Circuit has suggested it can be applied in other Section 1983 cases,[5] so the Court assumes for argument that it is potentially applicable here.

"Under the continuing violations doctrine, the statute of limitations is tolled for a claim that otherwise would be time-barred where the violation giving rise to the claim continues to occur within the limitations period." *National Parks and Conservation Association v. Tennessee Valley Authority*, 502 F.3d 1316, 1322 (11th Cir. 2007). However, "[i]n determining whether to characterize a violation as 'continuing,' it is important to distinguish between the present consequences of a one-time violation, which do not extend the limitations period, and a continuation of a violation into the present, which does." *Id*. (internal quotes omitted). "[D]iscrete discriminatory acts" that are time-barred cannot be rescued by the continuing violation doctrine, even if "related to acts" that are not time-barred. *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101,

---

[3]The plaintiffs point to language in the original complaint that assertedly put the defendants on notice that the plaintiffs challenged pre-June 2006 conduct. (Doc. 77 at 6). Notice is relevant to Rule 15(c), but it does not allow a plaintiff to pursue a claim barred by the statute of limitations before the original complaint was filed. Notice provided by the NAACP's informal complaints to the City and Cooper at the time of the March 2006 incident, (*id*. at 7), are likewise no substitute for compliance with the statute of limitations.

[4]*E.g., City of Hialeah v. Rojas*, 311 F.3d 1096, 1103 (11th Cir. 2002); *Thigpen v. Bibb County Sheriff's Department*, 223 F.3d 1231, 1243-44 (11th Cir. 2000).

[5]*See Lovett v. Ray*, 327 F.3d 1181, 1183 (11th Cir. 1983) (discussing the doctrine in a prisoner parole case but rejecting its application on the facts presented).

113 (2002).[6]

Count One alleges that Crawford used excessive force against Michael on two occasions: March 6, 2006 and August 4, 2006. Even assuming the March incident is related to the August incident, it is patently a discrete unlawful act and therefore not subject to the continuing violation doctrine.

### B. Count Three.

Count Three alleges that Crawford "intentionally and maliciously harassed, targeted, intimated [sic] and discriminated against Plaintiffs because of their race in violation of [the] equal protection clause of the Fourteenth Amendment and 42 U.S.C. § 1983." (Doc. 70, ¶ 65).

The defendants first argue that "there can be no § 1983 'harassment' for making a lawful stop on an outstanding warrant, and there can be no 'harassment' for citing individuals for conduct of which they were ultimately convicted." (Doc. 73 at 7). The defendants cite no authority for this proposition but, even if it were correct, it would be irrelevant, because Count Three is not based on the mere fact that Crawford arrested the plaintiffs. Instead, Count Three expressly incorporates all preceding allegations of the amended complaint. (Doc. 70, ¶ 63). This means that Count Three encompasses all of Crawford's conduct, including at least his use of unnecessary force with resulting injury, his employment of racial slurs and profanity, his warrantless searches of the vehicle and home, his refusal of medical care, and his taking of Michael's children.

In their reply brief, the defendants for the first time assert there is no such thing as a claim of racial harassment under Section 1983. (Doc. 78 at 6-7). This is a surprising argument, as the defendants in their principal brief acknowledged the existence of such a

---

[6]For example, a refusal to hire is a discrete event, *id.* at 114, so that multiple refusals to hire the same plaintiff by the same defendant would be timely only as to those refusals made the basis of a timely suit.

claim in the employment context. (Doc. 73 at 7 n.6). More importantly, "[d]istrict courts, including this one, ordinarily do not consider arguments raised for the first time on reply,"[7] and the defendants offer no reason the Court should deviate from this rule.

At any rate, the defendants have not supported the proposition that there is no such thing as a racial harassment claim under Section 1983.[8] Such a claim is routinely recognized in the employment context, based on the understanding that racial harassment is race discrimination and thus contrary to the Equal Protection Clause.[9] The defendants offer no explanation why similar reasoning would not apply to the treatment of citizens by law enforcement officials; on the contrary, they cite a case confirming that it would. In *Johnson v. Morel*, 876 F.2d 477 (5th Cir. 1989) (en banc), the Court announced that "[t]he Constitution [elsewhere isolated as the Equal Protection Clause] does not tolerate intentional police harassment of racial minorities," and it reversed summary judgment where the plaintiff alleged the officer used racial epithets including the "n" word, insulted the plaintiff's intelligence, and otherwise verbally abused him and used unnecessary force in the course of arresting him. *Id.* at 478-79.

The defendants object that *Johnson* is not from the Eleventh Circuit, but without an explanation why the Eleventh Circuit would repudiate *Johnson*, the Court cannot ignore it on that basis. The defendants attempt to distinguish *Johnson* because the defendant there had no "probable cause or justification — much less an arrest warrant."

---

[7]*Park City Water Authority, Inc. v. North Fork Apartments, L.P.*, 2009 WL 4898354 at *1 & n.2 (S.D. Ala. 2009) (internal quotes omitted) (citing cases from over 40 districts employing the rule during 2009).

[8]Technically, the defendants are correct, since Section 1983 is not a source of substantive rights but a vehicle for vindicating rights granted by the Constitution or other law. *Rojas*, 311 F.3d at 1103 n.1. The real question is whether the Equal Protection Clause provides for such a claim.

[9]*E.g., Watkins v. Bowden*, 105 F.3d 1344, 1354-55 (11th Cir. 1997); *Busby v. City of Orlando*, 931 F.2d 764, 775-76 (11th Cir. 1991).

(Doc. 78 at 7). According to the Fifth Circuit, however, "the evidence does not suggest ... that the arrest was illegal." 876 F.2d at 479. The defendants lack any authority or explanation for the proposition that, as long as a police officer is executing an arrest warrant, he has constitutional license to curse, insult, beat and otherwise abuse an arrestee because of his or her race, and the omission is fatal to their motion to dismiss.[10]

The defendants argue that the racial harassment claim is time-barred as to the June and August 2006 incidents because it was first raised in the amended complaint in November 2009, it does not relate back to the original, June 2008 complaint, and it therefore does not reach conduct preceding November 2007. (Doc. 73 at 7-8).

The original complaint alleged as Count Thirteen that Crawford, with respect to the June and August 2006 incidents, "intentionally discriminated against plaintiffs because of their race in violation of the fourteenth amendments [sic] equal protection clause, and 42 U.S.C. § 1983." (Doc. 1 at 12). As noted, racial harassment is a form of race discrimination, and the Court agrees with the plaintiffs, (Doc. 77 at 8), that Count Three does not assert a new claim but represents a refined version of a claim set forth in the initial complaint. Even were this not so, the claim would relate back because it "arose out of the conduct, transaction, or occurrence set out ...in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).

Finally, the defendants argue that the racial harassment claim is time-barred as to the March 2006 incident and any other conduct occurring before June 14, 2006. (Doc. 73 at 6-7).[11] As discussed in Part I.A, Section 1983 claims based on such conduct are barred

---

[10] The defendants invoke only a criminal statute that defines "harassment" as conduct that "serves no legitimate purpose." 18 U.S.C. § 1514(c)(1). They explain neither how that definition can be applied in a constitutional context nor how cursing, insulting, beating and otherwise abusing an arrestee because he or she is black serves a legitimate purpose.

[11] The defendants acknowledge that, because June 14, 2008 was a Saturday, the filing of the original complaint on June 16, 2008 was timely as to the June 14, 2006

by the two-year limitations period and are not rescued by the continuing violation doctrine.[12]

**C. Count Five.**

Count Five alleges that Crawford assaulted and battered Michael in March and August 2006. (Doc. 70, ¶ 77). The defendants argue the March 2006 incident is barred by the non-claims statute. (Doc. 73 at 8-9).[13]

> No recovery shall be had against any city or town on a claim for personal injury received, unless a sworn statement be filed with the clerk by the party injured or his personal representative in case of his death stating substantially the manner in which the injury was received, the day and time and the place where the accident occurred and the damages claimed.

Ala. Code § 11-47-192; *see also id*. § 11-47-23 ("Claims for damages growing out of torts shall be presented within six months from the accrual thereof or shall be barred."). "Therefore, to satisfy the statutory requirement, a plaintiff in a tort action must file a sworn statement with the clerk within six months from the accrual of the claim." *Poe v. Grove Hill Memorial Hospital Board*, 441 So. 2d 861, 863 (Ala. 1983).

The plaintiffs acknowledge that Michael did not file a notice of claim until December 2006. (Doc. 77 at 2 n.1). They argue, however, that the defendants cannot

---

incident. (Doc. 73 at 2 & n.2).

[12]The excessive force alleged in Count One allegedly occurred on only two occasions, in March and August 2006. The racial harassment alleged in Count One allegedly occurred, as to Michael, more often, including March, June and August 2006, as well as on "several occasions" between March and June. (Doc. 70, ¶ 31). While there are more incidents involved with respect to racial harassment, the plaintiffs have not attempted to show that they are other than discrete discriminatory acts as to which the continuing violations doctrine cannot apply.

[13]The claim presumably is not barred by the statute of limitations, which appears to be six years. Ala. Code § 6-2-34(1). The defendants do not argue otherwise.

take advantage of the non-claims statute without explaining how the City would have responded differently, or what additional investigation it would have undertaken, had Michael filed a timely claim. (*Id*. at 13-14). Compliance with the non-claims statute, however, is a "condition precedent" to suit, *Perry v. City of Birmingham*, 906 So. 2d 174, 179 (Ala. 2005), and non-compliance a "complete bar." *City of Birmingham v. Davis*, 613 So. 2d 1222, 1224 (Ala. 1992). In the case on which the plaintiffs rely, a timely claim was filed, and the only issue was whether it provided sufficient information about the decedent's physical condition just prior to incarceration and death. *Lewis v. City of Montgomery*, 2006 WL 1761673 at *3 (M.D. Ala. 2006). *Lewis* does not remotely assist the plaintiffs.

The parties agree that failure to satisfy the non-claims statute precludes suit against municipalities and their officers sued in their official capacities, but not against persons sued in their individual capacities. (Doc. 73 at 9; Doc. 77 at 14 n.6). Count Five is addressed to Crawford and the City, (Doc. 70, ¶¶ 77, 79), so the claim as to Crawford in his individual capacity remains as to the March 2006 incident.

### D. Count Seven.

Count Seven alleges Crawford committed the tort of intentional infliction of emotional distress. (Doc. 70 at 15-16). Although Count Seven does not expressly address the March 2006 incident, it incorporates by reference all preceding allegations, and the parties assume it does extend to that incident.

The defendants first invoke the non-claims statute. (Doc. 73 at 10). The City is not a defendant to Count Seven, so this argument affects only any claim against Crawford in his official capacity as to the March 2006 incident and any other conduct preceding June 14, 2006. The argument is well taken for the reasons expressed in Part I.C.

The defendants also argue that the claim as to conduct preceding June 14, 2006 is barred by Alabama's statute of limitations. (Doc. 73 at 10). It has been stated that "[t]he

statutory period of limitations for the tort of outrage is two years." *Continental Casualty Insurance Co. v. McDonald*, 567 So. 2d 1208, 1215 (Ala. 1990). However, other Alabama cases note that a cause of action alleging intentional trespass to the person is governed by the six-year limitations period of Section 6-2-34. *E.g., Carr v. International Refining and Manufacturing Co.*, 13 So. 3d 947 (Ala. 2009) (plurality opinion); *McKenzie v. Killian*, 887 So. 2d 861 (Ala. 2004). Since assault and battery is a trespass to the person governed by Section 6-2-34, it may be that a claim of outrageous conduct, when as here that conduct includes assault and battery, is likewise governed by Section 6-2-34. Because the defendants have not addressed the issue, dismissal would be premature.

### E. Count Eight.

Count Eight alleges that the City and Cooper "were grossly negligent in their supervision and training of" Crawford. (Doc. 70, ¶ 92). As with Count Seven, Count Eight does not expressly address the March 2006 incident but incorporates by reference all preceding allegations, and the parties assume it does extend to that incident.

The defendants first invoke the non-claims statute. (Doc. 73 at 11). The argument is valid for the reasons expressed in Part I.C. This disposes of the City and Cooper in his official capacity with respect to the March 2006 incident and any other conduct preceding June 14, 2006.

The defendants also argue that the claim against Cooper in his individual capacity as to pre-June 14, 2006 conduct is barred by the statute of limitations. (Doc. 73 at 11). The limitations period for claims of negligent supervision and training is two years. *Mardis v. Robbins Tire & Rubber Co.*, 669 So. 2d 885, 887, 888 (Ala. 1995) (where the plaintiff's claims included negligent training and negligent supervision, "[t]he statutory period of limitations for all of Mardis's claims is two years."); *accord Alabama Farmers Co-op, Inc. v. PricewaterhouseCoopers, LLP*, 911 So. 2d 689, 691, 693 (Ala. Civ. App.), *rev'd on other grounds*, 911 So. 2d 696 (Ala. 2004).

The plaintiffs, without citing any authority, insist the claim is timely as to pre-June 2006 conduct under a "continuing violation type theory." (Doc. 77 at 14). The Court finds no indication that Alabama recognizes such a theory. Nor is it, as the plaintiffs suggest, "premature" to resolve the limitations issue. (*Id.*).

**F. Municipal/Supervisory Liability.**

Counts One through Four contain allegations designed to support the liability of the City and Cooper for Crawford's unconstitutional conduct; by their express terms, they are intended to show that the constitutional violations were the result of an official custom or policy. (Doc. 70, ¶¶ 53-55, 59-62, 66-68, 74). The defendants move that these allegations be dismissed because they impermissibly seek to inject state-law claims of negligent hiring, training and supervision. (Doc. 73 at 11-12). Because the defendants misstate the import of the allegations, their motion is due to be denied.

The plaintiffs in their responsive brief pointed out the purpose of the allegations. (Doc. 77 at 15-17). The defendants in their reply, now aware that the allegations are addressed to the custom or policy necessary for the liability of the City and Cooper, attack the allegations on various grounds. (Doc. 78 at 10-14). The problem, as noted in Part I.B, is that it is generally improper to assert new arguments in a reply brief. Were the purpose of the allegations hidden until the plaintiffs' responsive brief, it might be appropriate for the defendants to first attack them in their reply, but in fact the allegations explicitly state that they are designed to establish "policies and/or customs" of the City that led to the constitutional violations by Crawford. (Doc. 70, ¶¶ 53, 55, 59, 61, 66, 68, 73). Accordingly, their arguments in reply come too late. The defendants should not assume these arguments would have carried the day had they been timely raised.

**II. Motion to Strike.**

The defendants move, pursuant to Rule 12(f), to strike all references to conduct

preceding June 14, 2006, as well as the allegations discussed in Part I.F. (Doc. 73 at 12-13). The allegations of municipal/supervisory liability addressed in Part I.F remain part of the case and so cannot be stricken. The claims for assault and battery and for intentional infliction of emotional distress concerning the March 2006 incident remain pending as to Crawford in his individual capacity, so those allegations cannot be stricken, either. Nor have the defendants attempted to show that the plaintiffs cannot rely on pre-June 14 conduct as background evidence or for other purposes.

**III. Motion to Amend Complaint.**

In a footnote, the plaintiffs move for leave to amend the complaint to clarify their allegations against Cooper. (Doc. 77 at 17 n.1). Because the plaintiffs failed to attach a proposed second amended complaint, the motion is not properly presented. The plaintiffs are **ordered** to file and serve an amended motion for leave to amend, attaching a full proposed second amended complaint, on or before **January 19, 2010**, failing which the motion will be denied. Should the plaintiffs comply with this order, the Court will establish a briefing schedule on the motion.

**CONCLUSION**

For the reasons set forth above, the defendants' motion to dismiss is **granted** in the following respects:

Count One is dismissed to the extent it purports to assert a claim of excessive force based on the March 6, 2006 incident.

Count Three is dismissed to the extent it purports to assert a claim of racial harassment based on conduct preceding June 14, 2006.

Count Five is dismissed to the extent it purports to assert a claim against the City, or against Crawford in his official capacity, based on the March 6, 2006 incident.

Count Seven is dismissed to the extent it purports to assert a claim against the City,

or against Crawford in his official capacity, based on conduct preceding June 14, 2006.

Count Eight is dismissed to the extent it purports to assert a claim based on conduct preceding June 14, 2006.

In all other respects, the motion to dismiss is **denied**. The motion to strike is **denied**.

DONE and ORDERED this 14th day of January, 2010.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE