# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| AMBER PALMER, et al., | ) |
| Plaintiffs, | ) |
| v. | ) CIVIL ACTION 08-0344-WS-M |
| THE CITY OF EAST BREWTON, et al., | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on the plaintiffs' amended motion for leave to file a second amended complaint. (Doc. 80). The defendants have filed a response, (Doc. 82), and the motion is ripe for resolution.

The first amended complaint names as defendants the City of East Brewton, police chief Cooper, and police officer Crawford. The purpose of the second amended complaint is to make Cooper a defendant in his individual capacity under Counts One through Four, all of which are brought pursuant to Section 1983.[1]

The defendants oppose amendment as time-barred for failure to comply with Alabama's non-claim statute. (Doc. 82 at 1-2). They do not explain how that statute could bar an action against Cooper in his individual capacity, and they previously conceded that the statute applies only "against a municipality and against municipal officers in their official capacities." (Doc. 73 at 9).[2] Nor have they demonstrated that the

---

[1] The plaintiffs suggest the proposed second amended complaint merely "clarif[ies]" that Cooper is a defendant under these counts, but it is plain that he is not a defendant to these counts under the first amended complaint, since they do not even mention him. (Doc. 70 at 8-14).

[2] *See also American Trust Corp. v. Champion*, 793 So. 2d 811, 814 (Ala. Civ. App. 2001) (non-claims statute "applies to claims against a municipality, but not to tort claims against individuals").

non-claims statute applies to Section 1983 claims for violation of federal constitutional rights when, by their terms, they apply to "torts."[3]

The defendants vaguely reference Rule 15(c), but it is not clear whether they are arguing that it does not serve to render the added claims timely. (Doc. 82 at 2, 3). Because Cooper was already a party, and because the amendment asserts a claim that arose out of the conduct set out in the original and first amended complaint, for limitations purposes the second amended complaint relates back to the filing of the original complaint and is thus timely as to conduct occurring on or after June 14, 2006. Fed. R. Civ. P. 15(c)(1).[4]

Finally, the defendants complain that paragraphs 45 and 46 of the second amended complaint add new factual allegations. (Doc. 82 at 3). In fact, the identical allegations are contained in the first amended complaint. (Doc. 70, ¶¶ 45-46).

The plaintiffs' original motion for leave to file a second amended complaint was filed December 18, 2009. (Doc. 77 at 17 & n.11).[5] This was long after the deadline for such motions, imposed pursuant to Rule 16(b), expired in February 2009. (Doc. 20 at 2, ¶ 5).[6] "A schedule shall not be modified except upon a showing of good cause." Fed. R. Civ. P. 16(b). Ordinarily, then, a plaintiff must show good cause for her failure to comply

---

[3]Notably, on motion to dismiss the defendants did not invoke the non-claims statute with respect to the Section 1983 claims but only with respect to the state law claims.

[4]The Court has already ruled that Count One, to the extent it is based on a March 2006 incident, is barred by the statute of limitations. (Doc. 79 at 13). The Court agrees with the defendants, (Doc. 82 at 2, 3), that the same fate necessarily holds with respect to Cooper under Count One.

[5]The plaintiffs' amended motion superseded the original motion. (Doc. 81 at 1 n.1).

[6]The Magistrate Judge entered two subsequent scheduling orders, but neither altered this deadline. (Doc. 43 at 2, ¶ 5; Doc. 48 at 2, ¶ 5).

with the scheduling order before receiving permission to amend. *Sosa v. Airprint Systems, Inc*., 133 F.3d 1417, 1419 (11th Cir. 1998). "This good cause standard precludes modification unless the schedule could not 'be met despite the diligence of the party seeking the extension.'"*Id*. at 1418 (quoting Fed. R. Civ. P. 16 advisory committee notes).

The plaintiffs do not address the good cause standard, and it is not clear that they could satisfy it. However, because the defendants do not oppose the motion on this basis, the Court will not consider the existence vel non of good cause.

For the reasons set forth above, the motion for leave to file a second amended complaint is **granted**. The plaintiffs are **ordered** to file and serve the second amended complaint on or before **February 4, 2010**.

DONE and ORDERED this 28th day of January, 2010.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE